1  PHILLIP A. TALBERT
   Acting United States Attorney
2  KATHERINE E. SCHUH
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9
                     EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00093-DAD-BAM

12                         Plaintiff,      STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13               v.                        FINDINGS AND ORDER

14  SALVADOR RENDON JR.,                   DATE: October 27, 2021
                                           TIME: 1:00 p.m.
15                         Defendant.      COURT: Hon. Barbara A. McAuliffe

16

17                             **BACKGROUND**

18       This case is set for a status conference on October 27, 2021.  The parties hereby move to

19  continue the status conference to December 22, 2021, and to exclude time under the Speedy Trial Act

20  between October 27, 2021 and December 22, 2021, inclusive.

21       On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

22  Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise

23  his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the

24  court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the

25  exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any

26  judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that

27  Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the

28  extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13,

STIPULATION REGARDING EXCLUDABLE TIME          1
PERIODS UNDER SPEEDY TRIAL ACT

1   2020). This and previous General Orders were entered to address public health concerns related to

2   COVID-19.

3          Although the General Orders address the district-wide health concern, the Supreme Court has

4   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

5   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

6   *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

7   exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

8   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

9   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

10  or in writing").

11         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-

13  justice continuances are excludable only if "the judge granted such continuance on the basis of his

14  findings that the ends of justice served by taking such action outweigh the best interest of the public and

15  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable

16  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

17  the ends of justice served by the granting of such continuance outweigh the best interests of the public

18  and the defendant in a speedy trial." *Id.*

19         The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

20  T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

21  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

22  circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

23  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

24  recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see*

25  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

26  following the September 11, 2001 terrorist attacks and the resultant public emergency).

27         The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

28  proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1    exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

2    continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

3    1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

4    detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

5    speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

6    population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

7    of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

8    (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

9    and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

10        In light of the foregoing, this Court should consider the following case-specific facts in finding

11    excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

12    (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

13    *States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

14    "specifically limited in time").

15                                  **STIPULATION**

16        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

17    through defendant's counsel of record, hereby stipulate as follows:

18        1.        By previous order, this matter was set for a status conference on October 27, 2021.

19        2.        By this stipulation, defendant now moves to continue the status conference until

20    December 22, 2021, and to exclude time between October 27, 2021, and December 22, 2021, under 18

21    U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

22        3.        The parties agree and stipulate, and request that the Court find the following:

23            a)        The government has represented that the discovery associated with this case

24        includes investigative reports, laboratory reports, photographs, and a cellular phone download.

25        All of this discovery has been either produced directly to counsel or is in the process of being

26        transmitted, and/or made available for inspection and copying.

27            b)        Counsel for defendant desires additional time to review the charges, consult with

28        his client, review the discovery provided by the government, and conduct additional

1    investigation.

2         c)    Counsel for defendant believes that failure to grant the above-requested

3    continuance would deny him/her the reasonable time necessary for effective preparation, taking

4    into account the exercise of due diligence.

5         d)    The government does not object to the continuance.

6         e)    Based on the above-stated findings, the ends of justice served by continuing the

7    case as requested outweigh the interest of the public and the defendant in a trial within the

8    original date prescribed by the Speedy Trial Act.

9         f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

10   et seq., within which trial must commence, the time period of October 27, 2021 to December 22,

11   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

12   T4] because it results from a continuance granted by the Court at defendant's request on the basis

13   of the Court's finding that the ends of justice served by taking such action outweigh the best

14   interest of the public and the defendant in a speedy trial.

15   4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

16   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

17   must commence.

18        IT IS SO STIPULATED.

19

20

21   Dated:  October 20, 2021                    PHILLIP A. TALBERT
                                                 Acting United States Attorney

22

23                                              /s/ KATHERINE E. SCHUH
                                                KATHERINE E. SCHUH
                                                Assistant United States Attorney
24

25

26   Dated:  October 20, 2021                    /s/ PRECILIANO MARTINEZ
                                                 PRECILIANO MARTINEZ
                                                 Counsel for Defendant
27                                               SALVADOR RENDON JR.

28

STIPULATION REGARDING EXCLUDABLE TIME            4
PERIODS UNDER SPEEDY TRIAL ACT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **ORDER**

IT IS SO ORDERED that the status conference is continued from October 27, 2021, to **December 22, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:   __**October 20, 2021**__            ____/s/ *Barbara A. McAuliffe*____ _
                                                          UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5